UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


MAHONEY TITLE SERVICES, LLC          *        CIVIL ACTION

versus                               *        NO. 06-8272

ALLSTATE INSURANCE COMPANY           *        SECTION "F"
and DON ADOUE AGENCY, INC.


ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged Mahoney Title Services at its locations in Mandeville and Slidell, Louisiana.  Mahoney Title filed claims under its business interruption policy, but Allstate refused to pay its claims.  Mahoney Title filed this suit in state court on August 25, 2006, naming its insurer, Allstate, and its insurance agent, Don Adoue Agency, as defendants.  The plaintiff asserts that Allstate breached its duty of good faith and fair dealing and is liable for statutory penalties for its claims adjustment.  Mahoney Title also asserts claims against Adoue for intentionally or negligently misrepresenting that, if a hurricane devastated the area, Mahoney Title would be covered for one year of lost income.

On October 16, 2006, Allstate removed the suit to this Court, invoking this Court's diversity jurisdiction because it

1

claims that Adoue has been improperly joined.  The plaintiff now moves to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured.  See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the plaintiff asserts that Adoue, a local defendant, was the insurance agent who procured its Allstate insurance policy. Mahoney Title asserts that Adoue made misrepresentations that Mahoney Title would be covered for loss of business income for one year if it had to shut down because of a hurricane.  Allstate contends that the plaintiff improperly joined Adoue to deprive this Court of diversity jurisdiction:  Allstate says that the plaintiffs

2

have no possibility of recovery from Adoue under Louisiana law because Adoue owed no duty to plaintiff under Louisiana law or, alternatively, any claims against Adoue are perempted.

The Court finds that the Allstate has failed to discharge its heavy burden to prove that Adoue was improperly joined. Allstate contends that Mahoney Title has no possibility of recovery from Adoue, the local defendant, under state law.  Allstate relies on Don Adoue's affidavit, stating that Adoue never advised Mahoney Title that it would be compensated for loss of business income under the policy where the loss of income was not a covered loss. Allstate does not show the Court the insurance policy or the allegedly applicable exclusion.  Mahoney Title, however, contends that the insurance policy covered losses of net income associated with closures resulting from mandatory evacuation orders from municipal authorities.  Moreover, Mahoney Title's managing member, Kevin Mahoney, states in an affidavit that Adoue told Mahoney Title that it would be covered for loss of income in the event of a hurricane.[1]

_____

[1] The Court notes that the state of the record does not permit a determination that Allstate has carried its heavy burden to show that Mahoney Title's claims against Adoue are perempted. The record is not even clear regarding the timing of, and the circumstances surrounding, the insurance policy's issuance and renewal.  For example, the Adoue Affidavit provides July 22, 2002 as the date of the policy's issuance.  But the Mahoney Affidavit contests this assertion because "the address in question did not exist at that time" and further states that Mahoney Title did not occupy 1123 North Causeway Boulevard until September 3, 2003.

Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Allstate has not met its heavy burden in proving that the plaintiff's claims are perempted or that it has no possibility of recovery from Adoue under Louisiana state law. Because the Court finds that the defendant has not met its burden in proving that Adoue was improperly joined as a defendant, complete diversity between the parties is lacking and this Court has no subject matter jurisdiction based on 28 U.S.C. § 1332.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, January 31, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE